UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MANU DUTT,

                              Petitioner,                      Case # 19-CV-155-FPG

v.

                                                                          DECISION AND ORDER

KIRSTJEN NIELSEN, et al.,

                              Respondents.

Petitioner Manu Dutt brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Dutt argues that his prolonged detention without a bond hearing violates his due process rights, and he requests that the Court either release him on bond or order the government to provide him with a bond hearing. The government has answered and filed its opposition to the petition. ECF Nos. 15, 16. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED.

## BACKGROUND

The following facts are taken from the record. Dutt is a native and citizen of India. He arrived in the United States in January 2005 on a B-2 temporary visitor visa. At that time, he was married to his first wife, Shikha Ahuja. Although the parties set forth a detailed history of Mr. Dutt's subsequent actions, it suffices to say that over the course of the next decade, Dutt successively married two United States citizens and attempted to obtain permanent residence on the basis of those marriages. In the first case, which took place between 2006 and 2008, the putative spouse admitted that the marriage was fraudulent, and Dutt's application was denied. In the second case, which took place between 2008 and 2017, immigration authorities denied Dutt's application on the basis that Dutt was still married to Ahuja and therefore could not lawfully marry

1

his American spouse. The parties dispute the extent of Dutt's blameworthiness with respect to these incidents, but the Court need not delve into that dispute for purposes of the petition.

As is relevant here, in January 2017, while Dutt's second application for permanent residence was still pending, he traveled from the United States to India. He returned in February 2017 and was paroled into the United States. In November 2017, Dutt's application was denied.

On January 24, 2018, immigration authorities placed Dutt in removal proceedings and took him into custody.[1] They alleged that Dutt was removable because he did not possess a valid entry document and had attempted to procure a visa through fraud. *See* ECF No. 15-2 at 16.

During removal proceedings, Dutt conceded removability but sought cancellation of removal. An immigration judge denied Dutt's request for cancellation of removal and ordered Dutt removed. In September 2018, the Board of Immigration Appeals ("BIA") denied Dutt's appeal.

In October 2018, Dutt filed a petition for review with the Second Circuit and moved to stay his removal. On February 20, 2019, the Second Circuit dismissed Dutt's petition and denied his motion to stay removal as moot. On March 22, 2019, the Second Circuit denied Dutt's motion for reconsideration.

While Dutt was litigating his appeal at the Second Circuit, he was also seeking to reopen his removal proceedings. In December 2018, Dutt filed a motion to reopen, which the BIA denied on March 12, 2019. On March 22, 2019—the same day that the Second Circuit denied Dutt's motion for reconsideration on his initial appeal—Dutt appealed the BIA's denial of the motion to reopen. Dutt also filed a motion to stay removal. Dutt's second appeal and his motion to stay are currently pending before the Second Circuit.

---

[1] Dutt alleges that he was taken into custody on January 23, 2018, ECF No. 1-9 at 11, but the discrepancy is immaterial for present purposes.

Since the initiation of his removal proceedings, Dutt has been detained by immigration authorities. As of now, Dutt has been detained for more than fifteen months. Immigration authorities have reviewed Dutt's custody determination on three occasions—in March 2018, December 2018, and March 2019—and have decided to continue detention each time.

Dutt filed this petition on January 30, 2019.

## DISCUSSION

Dutt's sole claim is that his continued detention without a bond hearing violates his due process rights. As discussed below, the Court agrees.

Several provisions of the Immigration and Nationality Act ("INA") authorize the detention of aliens pending removal. The parties do not dispute that the relevant provision for purposes of Dutt's case is 8 U.S.C. § 1225(b)(2)(A). *See* ECF No. 1-9 at 15; ECF No. 16 at 14-16. Section 1225(b)(2)(A) requires immigration authorities to detain pending removal any alien seeking admission to the United States if an examining immigration officer determines that the alien "is not clearly and beyond a doubt entitled to be admitted." The statute mandates that such an alien be detained until removal proceedings have been completed, *Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018), and does not contemplate a right to a bond hearing or otherwise impose a "limitation on the length of an individual's detention." *Perez v. Decker*, No. 18-CV-5279, 2018 WL 3991497, at *3 (S.D.N.Y. Aug. 20, 2018). Insofar as it permits prolonged detention with few procedural safeguards, the statute is susceptible to constitutional challenge. *See id.* ("It is . . . undisputed that freedom from imprisonment . . . lies at the heart of the liberty that the Fifth Amendment's Due Process Clause protects.").

As an initial matter, the Court notes that Dutt has sufficient due process rights to challenge his detention under Section 1225(b), notwithstanding that he was paroled into the United States. While aliens who are paroled into the United States "physically enter" the country, they are

3

"nevertheless deemed to remain constructively detained at the border." *Cruz-Miguel v. Holder*, 650 F.3d 189, 197 n.12 (2d Cir. 2011). Some courts have held that, because such aliens are treated as being detained at the border, their due process rights are more limited. *See, e.g.*, *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 648-49 (S.D.N.Y. 2018). However, this Court has held that those aliens still have "sufficient due process rights to challenge [their] prolonged mandatory detention." *Wang v. Brophy*, No. 17-CV-6263, 2019 WL 112346, at *3 (W.D.N.Y. Jan. 4, 2019) (collecting cases). Therefore, the Court proceeds to the merits of Dutt's constitutional claim.

The Court concludes that Dutt's prolonged detention is unreasonable and unconstitutional. The Court relies on two relevant factors: the length of Dutt's detention and the reason for delay. *See Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (relying on same factors in context of detention under Section 1226(c)). First, Dutt has been detained for over fifteen months. This is beyond the point at which courts find detention unreasonably prolonged. *See, e.g.*, *Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019) (collecting cases and noting that, after twelve months, courts "become extremely wary of permitting continued custody absent a bond hearing"); *Bermudez Paiz v. Decker*, No. 18-CV-4759, 2018 WL 6928794, at *13 (S.D.N.Y. Dec. 27, 2018) (finding sixteen-month detention unreasonable).

Second, the delays appear to be largely attributable to the normal administrative and appeals process—indeed, the government does not argue otherwise. The Second Circuit has made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018); *see also Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018) ("[P]ursuit of relief from removal does not, in itself, undermine a claim that detention is unreasonably prolonged."). Although Dutt continues

to litigate his motion to reopen, that accounts for approximately one month of his continued detention; the remaining period is attributable to the normal review process. Moreover, Dutt filed his motion to reopen with the BIA while his first appeal to the Second Circuit was pending. This suggests that Dutt is attempting to raise his claims in good faith and not for the mere purpose of delaying his removal, as might be the case if he had filed his motion to reopen only after the Second Circuit denied his appeal and his removal was imminent.

Under these circumstances, the Court concludes that Dutt's due process rights have been violated insofar as he has been detained for an unreasonable period without a bond hearing. To be sure, the government has provided Dutt with periodic "custody reviews," but these were inadequate because Dutt, not the government, bore the burden of proving that he was not dangerous or a risk of flight. *See* ECF No. 15-2 at 7. By contrast, this Court and others have held that "due process requires that the Government demonstrate dangerousness or risk of flight by a clear and convincing standard." *Brissett*, 324 F. Supp. 3d at 453; *see also Wang*, 2019 WL 112346, at *3. Therefore, the government has not provided Dutt with sufficient process to justify his continued detention.

Accordingly, Dutt's continued detention is unreasonable and unconstitutional, and he is entitled to relief in the form of a bond hearing with proper procedural safeguards.

## CONCLUSION

For the foregoing reasons, Dutt is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED. By May 21, 2019, Respondents shall hold a bond hearing for Dutt before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Dutt's continued detention is justified based on risk of flight or danger to the community. If a bond hearing is not held by May 21, 2019, Respondents shall release Dutt immediately with appropriate conditions of supervision. By May 23, 2019, Respondents shall

5

file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Dutt was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: May 7, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court